UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA FENNER, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 14-1395 |
| ELITE TRANSPORTATION<br>GROUP INC., ET AL.,<br>    Defendants | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a combined motion *in limine* to exclude opinion testimony and a motion for summary judgment.[1] The motion was filed by Defendants Elite Transportation Group; Calex Express, Inc.; and Robert Rogers ("Defendants"). Plaintiffs oppose the motion.[2] The Court has considered the briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the motion *in limine* is **DENIED**, in part **AS MOOT**, and the motion for summary judgment is **DENIED**.

## BACKGROUND

This matter arises out of a rear-end motor-vehicle collision that occurred on September 13, 2013, on Interstate 12 ("I-12") in St. Tammany Parish, Louisiana.[3] Plaintiff was the lead driver in that rear-end collision and allegedly suffered various injuries.[4] As a result, Plaintiff filed this lawsuit on June 13, 2014.[5]

On December 15, 2015, Defendants filed the present motion, a combined motion *in limine* and motion for summary judgment.[6] First, Defendants seek to preclude certain

---

[1] R. Doc. 89.
[2] R. Doc. 91.
[3] R. Doc. 89-1 at 2.
[4] R. Doc. 89-1 at 2.
[5] *See* R. Doc. 1.
[6] *See generally* R. Docs. 89, 89-1.

1

of Plaintiffs' expert witnesses from testifying at trial.[7] According to Defendants, the Plaintiffs failed to adequately and properly designate certain expert witnesses in accordance with Federal Rule of Civil Procedure 26, warranting the exclusion of their testimony.[8] Defendants also contend the Plaintiffs failed to provide expert reports for certain witnesses, which violates Rule 26, and those experts should be precluded from testifying.[9] In sum, the Defendants argue "Plaintiffs have not set forth or provided the specific opinions that Plaintiffs intend to elicit from any of these experts and have not provided an expert report or otherwise complied with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure."[10]

Second, the Defendants argue, in light of the foregoing violations of Rule 26, that summary judgment is appropriate and the Plaintiffs' claims should be dismissed. Defendants contend "Plaintiffs' failure to properly designate experts is fatal to their claims."[11] According to the Defendants, "[i]n the absence of expert opinion testimony to establish medical causation and the reasonableness and necessity of the recommended course of treatment," the Plaintiffs are unable to prove the essential elements of their claims.[12] Defendants thus seek to be dismissed from this case on summary judgment.

## **LAW AND ANALYSIS**

The Court will first address the Defendants' *in limine* arguments with respect to certain expert witnesses retained by Plaintiffs. The Court will then address the Defendants' motion insofar as it seeks a summary judgment dismissal of Plaintiffs' claims.

---

[7] *See* R. Doc. 89-1 at 5–6.
[8] R. Doc. 89-1 at 4.
[9] R. Doc. 89-1 at 4.
[10] R. Doc. 89-1 at 5.
[11] R. Doc. 89-1 at 12.
[12] R. Doc. 89-1 at 12.

I.     MOTION *IN LIMINE*: EXPERT TESTIMONY & RULE 26

Federal Rule of Civil Procedure 26(a)(2)(A) requires each party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the witness is "one retained or specially employed to provide expert testimony," the Rule 26(a)(2)(A) disclosure must be accompanied by a written expert report.[13] In this case, the Plaintiffs were required to disclose the identity of all expert witness and provide copies of reports for any retained experts no later than October 26, 2015.[14] Plaintiffs failed to timely provide expert reports for the following of Plaintiffs' retained experts: Nathaniel Fentress, Dr. J. Stuart Wood, and Mike Sunseri. Plaintiffs have stipulated they will not call these experts as witnesses.[15] As a result, these experts are precluded from testifying at trial. The motion *in limine* is **DENIED AS MOOT**, with respect to Fentress, Wood, and Sunseri.

The Court reaches a different conclusion, in part, with respect to Drs. Dietze, Johnson, and Satterlee, as well as with respect to Beth Shanks, Laurie Banks, and Barbara Franceski. All of these witnesses are healthcare providers who have treated Plaintiff Patricia Fenner. Plaintiffs admittedly did not produce expert reports for these healthcare providers, but those providers are not retained experts and, thus, Plaintiffs were not required to produce expert reports for these witnesses. Plaintiff's healthcare providers may testify as to (1) Plaintiff's treatment; (2) whether they believe Plaintiff's symptoms are related to the accident-in-question; (3) their diagnosis of Plaintiff, and (4) Plaintiff's future medical needs. However, these witnesses may not testify as to the cost of Plaintiff's past or future medical care, nor are they permitted to otherwise offer opinion testimony

---

[13] FED. R. CIV. P. 26(a)(2)(B).
[14] R. Doc. 66 at 6 (Scheduling Order).
[15] R. Doc. 91 at 10.

under Federal Rules of Evidence 702, 703, or 705. The motion *in limine* is **DENIED**, with respect to Drs. Dietze, Johnson, and Saterlee, and with respect to Beth Shanks, Laurie Banks, and Barbara Franceski.

II.     MOTION FOR SUMMARY JUDGMENT

Defendants also seek a summary judgment dismissal of Plaintiffs' claims. The Defendants contend "Plaintiffs' failure to properly designate experts is fatal to their claims," as without expert testimony, "Plaintiffs cannot prove the[] essential elements of their prima facie case of negligence."[16] However, because the Court has concluded that certain medical experts may testify with respect to causation,[17] the motion for summary judgment must be denied. Genuine issues of material fact remain in dispute with respect to the ultimate cause of Plaintiff Patricia Fenner's injuries, *i.e.*, whether her injuries are causally related to the accident-in-question.[18] In addition to the testimony of Plaintiff's treating healthcare providers, Dr. Najeeb Thomas is listed as a witness of both the Plaintiffs and the Defendants in the proposed pretrial order.[19] Dr. Thomas performed an independent medical examination of Plaintiff.[20] Dr. Thomas testified in his deposition that Plaintiff's injuries "would be related" to the accident-in-question.[21] Summary judgment is denied.

---

[16] R. Doc. 89-1 at 12.
[17] *See supra* LAW AND ANALYSIS, PART I.
[18] R. Doc. 89-2; R. Doc. 91-1 at 3–4.
[19] *See* R. Doc. 93 at 15, 17 (Proposed Pretrial Order).
[20] R. Doc. 91-18 (Deposition of Najeeb Thomas).
[21] R. Doc. 91-18 at 29 (Deposition of Dr. Najeeb Thomas).

## **CONCLUSION**

**IT IS ORDERED** that the Defendants' motion *in limine* to exclude opinion testimony is **DENIED AS MOOT** with respect to Nathaniel Fentress, Dr. J. Stuart Wood, and Mike Sunseri. The motion is **DENIED** with respect to Drs. Dietze, Johnson, and Satterlee, and with respect to Beth Shanks, Laurie Banks, and Barbara Franceski.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment is **DENIED**, as set forth above.

New Orleans, Louisiana, this 1st day of February, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**